IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CINDY POSNER, | ) C.A. No.: |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CORAL RESORTS, LLC, | ) |
| HHI INVESTMENT COMPANY LLC, and | ) |
| ELITE RESORT GROUP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## Complaint and Jury Demand

The Plaintiff, Cindy Posner, by and through her attorney, Bonnie Travaglio Hunt, complains against the Defendants, as follows:

## Nature of the Action

1. This action is brought pursuant to Title VII, ADEA, Federal and South Carolina Law. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to the laws of South Carolina.

## Parties

3. Plaintiff, Cindy Posner, is a Jewish Female over the age of 40 who at all times relevant herein was a resident of the Beaufort County, State of South Carolina.

4. Defendant, Coral Resorts, Inc., is an employer in Hilton Head, Beaufort County, South Carolina at the time the alleged acts of discrimination occurred hereinafter referred to as Coral Resorts.

1

5. Defendant, Coral Resorts, Inc., is subject to the laws of the United States and the laws of the State of South Carolina.

6. Defendant, HHI Investiment Company, LLC is subject to the laws of the United States and the laws of the State of South Carolina.

7. The Defendant, Elite Resort Group, is subject to the laws of the United States and the laws of the State of South Carolina.

8. At all times relevant hereto, Defendant, Coral Resorts, Inc., engaged in an industry affecting commerce and employed more than twenty (20) regular employees.

## Jurisdiction and Venue

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal statutes, specifically Title VII-Sex Discrimination, Equal Pay Act, Age Discrimination in Employment Act, Intential Interference with Contract, Religious Discrimination and Retaliation. In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. §§ 2201-02 and jurisdiction over Plaintiff's claims for injunctive relief pursuant to 15 U.S.C. § 1116.

10. The Charleston Division is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

11. That at all relevant times, the Plaintiff is an employee as defined by Title VII, ADEA, Federal Law and South Carolina Law.

12. That at all relevant times, the Defendant, Coral Resorts, LLC was an employer as defined by Title VII, ADEA, Federal Law, and South Carolina Law.

13. On December 18, 2015, the Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC").

14. The Charge of Discrimination set forth the discrimination and retaliation.

15. That the charge of Discrimination was investigated.

16. That the Plaintiff's right to sue was issued on June 17, 2016 by the EEOC.

17. The Right to Sue was not postmarked until June 20, 2016.

18. That the Right to Sue was not received by the Plaintiff until August 1, 2016.

19. The EEOC issued the right to sue stating: "The EEOC issues the following determination: based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

20. That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue.

**Factual Background**

21. The Plaintiff is a Jewish Female over the age of 40.

22. The Plaintiff was hired by the Defendant, Coral Resorts, LLC to sell time shares and schedule tours.

23. That in booking tours the Plaintiff received credit and commissions.

24. That the Plaintiff ended up scheduling tours for the Defendant, Coral Resorts, LLC.

25. During the time that the Plaintiff worked for the Defendant Coral Resorts, LLC the Plaintiff rented a condo through her work from HHI Investment Company and Elite Resort Group a property management company.

26. The Plaintiff and her mother both rented condos from the Defendant at a rate of $600.00 per month. The Plaintiff and her mother did not have lease agreements.

27. That the Plaintiff was highly successful in her career with Coral Resorts, LLC.

28. That the Plaintiff made employee of the Month several times while employed with the Defendant, Coral Resorts, LLC.

29. That the Plaintiff was the OPC of the month with the Defendant, Coral Resorts, LLC.

30. That during the Plaintiff's employment the Plaintiff was not presented with a non-compete agreement.

31. That the Plaintiff was employed with the Defendant without incident.

32. That towards the end of the Plaintiff the Plaintiff was informed that she would have to give up her good shifts to new younger male employees. That the Plaintiff had earned her shifts based on her length of service.

33. That the Plaintiff was paid signficantly less than younger male employees.

34. That the Plaintiff was one of the only employees with a college degree.

35. That the Plaintiff was also required to pay rent when the younger men were not required to pay rent in the company housing.

36. That the Plaintiff saw a list setting forth who was required to pay rent and what they were required to pay. That the Plaintiff was the oldest female paying the most for rent of all the employees.

37. That the Plaintiff did have favorable shifts at certain locations. That the Plaintiff was not allowed to work the fireworks throughout her employment. That younger males were permitted to work the fireworks.

38. That while employed the Plaintiff was subjected to commentary regarding her age, sex and religion.

39. That the Plaintiff was informed that she was not the example that the company wanted to build around.

40. The Plaintiff complained about the Defendant, Coral Resorts, LLC failure to pay the Plaintiff the same as younger male employees.

41. That the Plaintiff discovered that each of the younger male employees were making an hourly rate plus a commission. The Plaintiff was only making a commission rate and not being paid any hourly rate.

42. That the Plaintiff also learned that the Plaintiff was having to pay for housing whereas other male employees were living on the company's property for free.

43. That the Plaintiff addressed the pay issues with the Defendant, Coral Resorts, LLC Attorney, Leigh Bilodeau. The Defendant, Coral Resorts, LLC only response was that she should not have seen the documents.

44. That the Plaintiff was degraded on many occassions during meetings by her direct supervisor.

45. That the Plaintiff supported the clients. That on many occassions she stated that the Defendant, Coral Resorts, LLC were taking advantage of clients.

46. That when the Plaintiff was OPC her direct supervisor failed to reward her. However, her supervisor provided $1,000s of dollars to her male counterparts for rewards.

47. That the Defendant, Coral Resorts, LLC placed some males in more favorable positions. That the Plaintiff wanted to be placed at Park Lane. The Defendant, Coral Resorts, LLC failed and refused to place the Plaintiff there and placed a younger male in that position.

48. That during the Plaintiff's employment the Plaintiff was disciplined for actions that others committed but were not disciplined for.

49. Toward the end of her employment the Plaintiff worked every day and many times worked 4 doubles a week.

50. After the Plaintiff's complaints regarding failure to pay equal wages the Plaintiff's supervisor informed her that she needed to stop thinking everything was so unfair just cause the guys get hourly plus commission and you get only commission.

51. The Plaintiff's supervisor had the Plaintiff terminated within a week.

52. The Plaintiff was terminated from her employment on March 23, 2015.

53. That the Plaintiff was wrongfully terminated from her employment based on her age, religion, sex, and retaliation.

54. After the Plaintiff's employment ended she went to work for Coastal Time Shares. The Defendant, Coral Resorts, LLC had its attorney send a cease and desist order to the Plaintiff's employer. The Plaintiff did not sign the non-compete and was never presented one during her employment. That the persons who signed the non-

compete as witnesses to the Plaintiff's signature were not working the day that the Plaintiff allegedly signed the agreement.

55. That the Defendant, Coral Resorts, LLC presented a forged non-compete and interfered with the Plaintiff's employment with Coastal Time Shares, and 2 other employers.

56. That the Defendant, Coral Resorts, LLC had never enforced a non-compete agreement on Hilton Head and only after enforcing the Plaintiff's enforced 2 other employees non-competes and failed to enforce any other employees.

57. That the Defendant, Coral Resorts, LLC along with the other defendants evicted the Plaintiff from her condo.

58. That the Plaintiff had been a resident of company housing throughout her employment without a lease.

59. That the Defendant wrongfully evicted the Plaintiff.

60. That the Plaintiff and her mom could not find another place to live after being evicted and were required to live in a 30 day vacation rental at an astronomical expense,

### FOR A FIRST CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT
### AGAINST CORAL RESORTS, LLC

61. That Paragraphs one (1) through sixty (60) are hereby incorporated verbatim.

62. That the Plaintiff was an employee of the Defendant, Coral Resorts, LLC as defined by the law in accordance with Title VII, ADEA, Equal Pay Act.

63. That the Defendant are an employer in accordance with Title VII and the Age Discrimination in Employment Act.

64. That the Defendants subjected the Plaintiff to a hostile work environment based on her sex, religion, Age, and complaints regarding failure to provide equal pay.

65. The Defendant, Coral Resorts, LLC failed and refused to pay women the same amount as it paid younger men.

66. The Defendant, Coral Resorts, LLC received complaints from the Plaintiff regarding their failure to treat her fairly, pay her equally, make comments regarding her religion, and discriminate against her based on her age.

67. That the Plaintiff made several comments regarding the Defendant, Coral Resorts, LLC's employees making comments regarding her Jewish heritage. On many occasions the Defendant, Coral Resorts, LLC's employees made anti-Semitic remarks.

68. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

69. The Plaintiff was subjected to sexual discrimination, commentary regarding her Religion, and Age Discrimination.

70. That the Defendants failed and refused to address the situation.

71. That the Plaintiff suffered severe emotional distress as a result of the Defendants hostile work environment based on the Plaintiff's sex, religion, and Age.

72. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendants subjected the Plaintiff.

73. That the Plaintiff has been damaged as a result of the Defendants work environment.

74. That the Defendants are the direct and proximate cause of damage to the Plaintiff.

75. That the Plaintiff is entitled too actual, compensatory, consequential and punitive damages from the Defendants as a result of the hostile work environment.

76. That the Plaintiff is entitled to attorney's fees and costs from the Defendants.

## FOR A SECOND CAUSE OF ACTION
## SEXUAL AND RELIGIOUS DISCRIMINATION
## AGAINST CORAL RESORTS, LLC

77. That Paragraphs one (1) through seventy-seven (77) are hereby incorporated verbatim.

78. The Defendant, Coral Resorts, LLC is an employer as defined in Title VII.

79. That the Plaintiff is an employee as defined by Title VII.

80. That while the Plaintiff was employed with the Defendants, the Plaintiff was able and had performed her job duties in a satisfactorily level of the Defendants.

81. That the Plaintiff was subjected to sexual discrimination by her direct supervisors.

82. That the Plaintiff was subjected to discrimination based on her religion, Jewish.

83. That the Plaintiff was subjected to Anti-Semitic commentary on a regular basis.

84. That the Plaintiff regularly was subjected to racist remarks regarding her religion.

85. That the Plaintiff's employer discriminated against the Plaintiff based on her sex and religion.

86. That the Defendant, Coral Resorts, LLC failed and refused to pay the equally, failed and refused to discipline younger men equally and failed to treat women the same as younger men.

87. That the Plaintiff was treated differently based on her religion.

88. That the Defendants discriminated against the Plaintiff based on her sex.

9

89. That the Defendants are the proximate and direct cause of damage to the Plaintiff.

90. That the Plaintiff has suffered severe emotional and career damages as a result of the Defendants discrimination against the Plaintiff.

91. That in discriminating against the Plaintiff based on consideration of her sex and religion the Defendants violated 42 U.S.C. 2000e, et seq. Title VII.

92. That as a direct result of the Defendants' violation of Title VII the Plaintiff has suffered:

    a. Economic damages from the loss of her position;

    b. Loss of benefits associated with loss of her position;

    c. Economic hardship;

    d. Suffered anxiety, humiliation and emotional damages.

93. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

**FOR A THIRD CAUSE OF ACTION**
**RETALIATION IN VIOLATION 42 U.S.C. 2000e et. seq.**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended;**
**AGAINST CORAL RESORTS, LLC**

94. That Paragraphs one (1) through ninety-three (93) are hereby incorporated verbatim.

95. That the Plaintiff was an employee according to the law of the State of South Carolina, The Payment of Wages Act, Federal Law including but not limited to Title VII.

96. That the Plaintiff complained of discrimination based on her age, sexual discrimination, Equal Pay Act, and Religious discrimination.

97. That the Plaintiff made complaints to Human Resources regarding the following:

    a. The Defendant's failure to pay equal pay to younger males and women;

    b. The Defendant's requirement that the Plaintiff pay rent when men were not required to;

    c. The Defendant's commentary regarding the Plaintiff's religion;

    d. The differential treatment between men and women;

    e. The Defendant's interference with the Plaintiff's future employment by presenting a forged non-compete agreement; and

    f. The Defendant's failure to address any and all of the issues.

98. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

99. As a result of the Plaintiff's complaints the Defendant, Coral Resorts, LLC terminated the Plaintiff's employment.

100. As a result of the Plaintiff's complaints the Defendant evicted her and her mother from her condo. The eviction was illegal and improper.

101. The Defendant, Coral Resorts, LLC actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

102. As a result of Defendants actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment,

personal indignity and other intangible injuries for all of which she should be compensated.

103. That the Defendants are the direct and proximate cause of injury to the Plaintiff.

104. That the Plaintiff is entitled to an award of damages from the Defendants in the amount of actual damages, consequential damages, compensatory, and punitive damages.

## FOR A FOURTH CAUSE OF ACTION
## WRONGFUL RETENTION OF WAGES IN VIOLATION
## OF SOUTH CAROLINA PAYMENT OF WAGES ACT
## AGAINST CORAL RESORTS, LLC

105. That Paragraphs one (1) through one hundred and four (104) are hereby incorporated verbatim.

106. That, upon the Plaintiff's leaving the Defendants' employment, the Plaintiff had earned an amount of wages compensation for which she has not been compensated by the Defendant, Coral Resorts, LLC.

107. That the Plaintiff was entitled to her pay that the Plaintiff did not receive.

108. That the Defendants failed and refused to pay the Plaintiff.

109. That the Defendants failed and refused to pay the Plaintiff which she was entitled to.

110. That, pursuant to S.C. Code section 41-10-50, the Defendants, as the Plaintiff's employers were obligated to pay the Plaintiff all of the wages due her within forty-eight (48) hours of the date of separation or by the next pay period, which could not exceed thirty (30) days from the date of separation.

111. That the Defendants failed and refused to pay the Plaintiff the wages that the Plaintiff had earned in the Defendants' employ within the time prescribed by South Carolina law.

112. That the Defendants knowingly, purposefully, and in bad faith, violated South Carolina Code Section 41-10-80(c).

113. That the Plaintiff has properly brought suit against the Defendants for damages pursuant to S.C. Code Section 41-10-80-(c).

114. That the Plaintiff is entitled to an award of damages against the Defendant, Coral Resorts, LLC jointly and severally, in the amount of the unpaid wages, triple the amount, plus attorney's fees and costs pursuant to S.C. Code section 41-10-80(c).

**FOR A FIFTH CAUSE OF ACTION**
**INTENTIONAL INTERFERENCE WITH A CONTRACT AGAINST CORAL RESORTS, LLC**

115. That Paragraphs one (1) through one hundred and fifteen (115) are hereby incorporated verbatim.

116. That the Plaintiff was employed with another employer when the Defendant intentionally presented false information to that employer in order to ruin the Plaintiff's employment.

117. That the Defendant intentionally interfered with the Plaintiff's employment contract in order to harm the Plaintiff.

118. That the Defendant intentionally interfered with the Plaintiff's employment in order to have the other employer to end the Plaintiff's employment.

119. That the Plaintiff suffered significant damages as a result of the Defendant's actions towards the Plaintiff.

120. Defendant's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts of the Defendant were performed with the knowledge of an employer's economic power over its employees. The Defendants, through its officers, managing agents, and supervisors, authorized, condoned and ratified the unlawful conduct of the Defendant in this action. Consequently, Plaintiff is entitled to punitive damages from all Defendants.

## FOR A SIXTH CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
## AGAINST CORAL RESORTS, LLC

121. That Paragraphs one (1) through one hundred and twenty-one (121) are hereby incorporated verbatim.

122. Plaintiff and the Defendants entered into an oral employment contract upon her hire and during the term of Plaintiff's employment. The basic terms of the agreement provided that Plaintiff's employment would be secure as long as her performance was satisfactory, that Plaintiff would not be impeded in her performance or career expectations, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and fringe benefits.

123. Plaintiff undertook and continued employment, and duly performed all of the conditions of the employment agreement to be performed by her until prevented from further performance by Defendants. Plaintiff had at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

124. From the time she began reporting sexual harassment, the Defendants, Superior Transportation, Inc. and Patrick Barber breached the covenant of good faith and fair dealing by failing to stop the sexual harassment, physical assaults, and hostile work environment.

125. On or about October 26, 2011 the Defendants breached the covenant of good faith and fair dealing by retaliating against Plaintiff for reporting the sexual harassment.

126. Plaintiff performed all conditions precedent to Defendants' performance of their obligations under the contract. Plaintiff's performance was at all times satisfactory.

127. The law imposed duties on Defendants, in connection with the employment agreement, to act fairly and in good faith towards Plaintiff. Defendants covenanted to give full cooperation to Plaintiff in her performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement or which would prevent Plaintiff from receiving the benefits of the employment agreement.

128. On or about October 26, 2011, Defendants breached the duties imposed by law in connection with the employment agreement by State and Federal Law.

129. At the time the parties entered into the covenant, as alleged herein above, it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Plaintiff would suffer loss of earnings and economic damage. As a direct and proximate result of Defendants' conduct, Plaintiff has

suffered loss of earnings and economic damage in an amount according to proof but exceeding the jurisdictional minimum of this Court.

## FOR A SEVENTH CAUSE OF ACTION
## DEFAMATION AGAINST CORAL RESORTS

130. That Paragraphs one (1) through one hundred and twenty-nine (129) are hereby incorporated verbatim.

131. Plaintiff is informed and believes, and based thereon alleges, that Defendants and each of them, individually and through their officers, partners, agents and employees, acting within the course of their employment, caused to be published false and unprivileged communications tending to directly injure Plaintiff and her business and professional reputations. Specifically, Defendants and each of them made untrue statements to other persons in Plaintiff's profession that Plaintiff had signed a non-compete agreement.

132. Plaintiff is informed and believes, and based thereon alleges, that at the time Defendants made these statements they knew or had reason to know that the statements were false. Plaintiff is additionally informed and believes, and based thereon alleges, that Defendants had no legitimate business purpose for the above-mentioned communications, nor were they privileged.

133. Defendants committed these above-said acts deliberately and intentionally, in an effort to injure and defame Plaintiff's good name and professional reputation and intentionally interfere with the Plaintiff's ability to obtain any employment. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered loss of earnings, injury to her personal and professional reputation, and severe emotional distress, all to her damage in an amount according to proof at trial.

134. Plaintiff is informed and believes, and based thereon alleges, that the conduct of Defendants described above was done with fraud, oppression and malice; and was done, authorized and ratified by the highest levels of Defendants, thereby entitling Plaintiff to punitive or exemplary damages in an amount according to proof at trial, but exceeding the jurisdictional minimum of this court.

### FOR AN EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE EQUAL PAY ACT

135. That paragraphs one through one hundred and thirty-four are hereby incorporated verbatim.

136. That the Plaintiff was a protected employment under the Equal Pay Act.

137. That the Defendant violated the EPA.

138. That the Defendant, Coral Resorts, LLC failed and refused to pay equal wages to male and female employees.

139. That the individuals performed equal work.

140. That the employees had similar working conditions.

141. That other younger male employees were paid more and allowed to live in housing for free.

142. That the Plaintiff is entitled to receive back pay as well as liquidated damages.

143. That the Defendant, Coral Resorts, LLC is the proximate and direct cause of damage to the Plaintiff.

144. That the Plaintiff is entitled to actual damages, compensatory, punitive damages and attorney's fees and costs from the Defendant, Coral Resorts, LLC.

### FOR A NINTH CAUSE OF ACTION
### AGE DISCRIMINATION IN VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT

145. That paragraphs one through one hundred and forty four (144) are hereby incorporated verbatim.
146. That the Plaintiff was subjected Age Discrimination while employed with the Defendant, Coral Resorts, LLC.
147. That the Defendant, Coral Resorts, LLC, treated the Plaintiff significantly differently based on her age.
148. That the Defendant, Coral Resorts, LLC disciplined the Plaintiff more harshly than other younger male employees.
149. The Plaintiff was disciplined and terminated for actions that other younger employees were not disciplined for.
150. That the Defendant's actions towards the Plaintiff violated the law.
151. That the Defendant is the direct and proximate cause of damage to the Plaintiff.
152. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:
    a. suffered severe emotional distress;
    b. suffered future lost wages and future lost benefits;
    c. suffered economic damages;
    d. Loss of employment;
    e. Loss of Future employment;
    f. incurred attorney fees for this action;
    g. incurred costs of this action; and
    h. will incur future attorney fees and costs.

153. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A TENTH CAUSE OF ACTION
## WRONGFUL EVICTION AGAINST ALL DEFENDANTS

154. That paragraphs one through one hundred and fifty three (153) are hereby incorporated verbatim.

155. That the Plaintiff was properly paying her rent.

156. That the Defendants wrongfully evicted the Plaintiff and her mother.

157. That the Plaintiff lived in the Defendants condo and did not have any problems

158. That the Plaintiff did not have a lease at any point and time during her residency.

159. That the Defendants only evicted the Plaintiff from her residence after she filed charges against the Defendant, Coral Resort, LLC for discrimination.

160. That the Defendants have no legitimate defenses for evicting the Plaintiff from her residence.

161. That the Defendants failed to follow the eviction laws of the State of South Carolina.

162. That the Plaintiff is entitled to damages from the Defendants.

163. That the Plaintiff is the proximate and actual cause of damage to the Plaintiff.

164. That the Plaintiff is entitled actual damages and other penalties as allowed by law.

## PRAYER FOR RELIEF

19

WHEREFORE plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter, including the pendent claim;

b) empanel a jury to hear and decide all questions of fact;

c) award to plaintiff compensatory damages against the defendants jointly and severally;

d) award to plaintiff punitive damages of against defendant Defendant for their malicious and spiteful pattern of sexual discrimination harassment;

e) award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

f) All damages available pursuant to Title VII and the Equal Pay Act;

g) All damaages available pursuant to ADEA;

h) All damages available pursuant to South Carolina Law;

i) All damages available pursuant to the law of the United States;

j) permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

g) enter any other order the interests of justice and equity require.

                        HUNT LAW LLC

                        s\Bonnie Travaglio Hunt_____
                        Bonnie Travaglio Hunt
                        Federal Bar No.:  7760
                        ATTORNEY FOR THE PLAINTIFF
                        Post Office Box 1845, Goose Creek, SC (29445)
                        4000 Faber Place Drive, Suite 300,
                        North Charleston, SC 29405
                        (843)553-8709
                        bthunt@huntlawllc.com

Dated: September 26, 2016