**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Cindy Posner, | ) | Case No 9:16-cv-03231-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Coral Resorts, LLC; Hilton Head | ) | |
| Hospitality, LLC; Hilton Head Guest | ) | |
| Services, LLC; HHI Investment Company, | ) | |
| LLC; and Elite Resort Group, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.    Background

This matter is before the Court on the Report and Recommendation ("R. & R.") of the

Magistrate Judge (Dkt. No. 64) recommending that the Court grant in part and deny in part

Defendants Coral Resorts, LLC, Hilton Head Hospitality, LLC, HHI Investment Company, LLC,

and Elite Resort Group's (the "Moving Defendants") Motions to Dismiss or, in the Alternative for

Summary Judgment, and to Strike as to the Third Amended Complaint (Dkt. No. 57).  The Plaintiff

timely filed objections to the R. & R. on February 10, 2018 (Dkt. No. 65).  For the reasons set

forth below, the Court adopts the R. & R., except for the portion titled "Timeliness of Claims

Under Title VII and ADEA" (Dkt. No. 64 at 7-9), as the Order of the Court and grants in part and

denies in part the Moving Defendants' motion (Dkt. No. 57).

## II.    Facts

The Court adopts the relevant facts as outlined in the R. & R. (Dkt. No. 64 at 2–4.)  In

summation, Plaintiff, a Jewish female over age forty, alleges that while she was employed by

Defendants to sell time shares and schedule tours, Defendants paid younger male employees higher

wages than Plaintiff and other female employees, provided rent-free housing to younger male

employees yet charged the Plaintiff $600 per month for the same, allowed other employees to subject the Plaintiff to commentary about her age, sex, and religion, and subsequently fired Plaintiff for complaining about the wage difference between her and younger male employees. (Dkt. No. 64 at 2–3.)

## III. Legal Standards

### A. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6), . . . [the Court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "In considering a motion to dismiss, [the Court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98–99 (4th Cir. 2002) (*per curiam*) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).

## IV.    Discussion

The Moving Defendants move the Court to dismiss claims under Rule 12(b)(6), to grant summary judgment under Rule 56, and to strike portions of Plaintiff's affidavit filed in response to a moot motion for summary judgment. With respect to summary judgment, the R. & R. concludes that summary judgment is premature because discovery has yet to begin. (Dkt. No. 64 at 14–15.) With respect to striking portions of the Plaintiff's affidavit, the R. & R. notes that the Moving Defendants previously raised the arguments in support of striking and that the Court has already ruled that such motion is moot. (Dkt. No. 64 at 15.) The Court agrees with these assessments and treats the current motion as a motion to dismiss under Rule 12(b)(6).

The R. & R. recommends that the Court grant in part and deny in part the motion at issue, granting it with respect to Plaintiff's Title VII and ADEA claims but denying it with respect to all other claims. (Dkt. No. 64 at 15.) The Court agrees with and adopts the analysis and conclusions of the Magistrate Judge regarding Plaintiff's failure to exhaust her Title VII administrative remedies by submitting only an unverified Charge to the EEOC, requiring the dismissal of her Title VII claims as untimely. (Dkt. No. 64 at 9-11.) The Court adopts the Magistrate Judge's conclusion that the ADEA does not require a verified charge, and Plaintiff's failure to file a verified Charge regarding her ADEA claims does not affect the viability of those claims. (*Id.* at 10 n.5.) The Court further agrees with and adopts the Magistrate Judge's analysis and conclusions regarding the denial of the motion to dismiss regarding the other pending claims. (*Id.* at 11-15.)

The only remaining issue is whether Plaintiff's ADEA claim is time barred by the alleged failure to file her suit in federal court within 90 days after receipt of the Right to Sue letter, as mandated by 42 U.S.C. § 2000e-5(f)(1). When the date of receipt of the Right to Sue Letter is in dispute or is unknown, there is a presumption that regular mail was received within three days of

-3-

the date of mailing, in accord with Rule 6(e) of the Federal Rules of Civil Procedure. *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630 at *3 (4th Cir. 1999) (unpublished). The 90-day rule is, however, subject to equitable tolling, and the Court is required to conduct a case-by-case examination to determine if equitable tolling is appropriate. *Id.* The critical issue is whether there is sufficient evidence of circumstances beyond the Plaintiff's control and external to her conduct that would make imposition of the time limit unjust. *United States v. Sosa*, 364 F.3e 507, 512 (4th Cir. 2004); *Crabill v. Charlotte-Meckenburg Bd. of Educ.*, 708 F. Supp. 2d 542, 555 (W.D.N.C. 2010).

Plaintiff's Right to Sue Letter was dated June 17, 2016, and it stated that a "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice . . . .**" (Dkt. No. 55-1 at 1 (capitalization, bold and underline in the original).) The envelope was postmarked June 20, 2016. (Dkt. No. 55 ¶ 35.) Plaintiff asserts she did not receive the Right to Sue Letter until August 1, 2016. Plaintiff has stated under oath that she received her mail (including her bills and letters) exclusively at a mailbox at a UPS store during this period, that she was the only person who had access to the box, that she checked the box every other week, and that she was not out of town from the period from June 20, 2016 until August 1, 2016. (Dkt. No. 68 at 1–2.) Plaintiff further states that she retained counsel on September 26, 2016. (*Id.* at 2.) Plaintiff's counsel filed the complaint in this matter that same day, September 26, 2016. (Dkt. Nos. 1, 68 at 2, 69.)

In an earlier era, the date of receipt of the Right to Sue Letter was not in doubt because the EEOC sent the Right to Sue Letter certified mail, return receipt requested. The EEOC discontinued this practice as a cost-cutting measure, introducing a level of uncertainty and confusion regarding the 90-day limit from receipt of the Right to Sue Letter. *Nguyen*, 187 F.3d at *4.

Defendant contends that Plaintiff's account of her delayed receipt of her Right to Sue Letter "strains credulity" and her assertions to the contrary should be disregarded by the Court. (Dkt. No. 57-1 at 8.) This argument presupposes the inherent reliability of timely mail delivery so compelling that this Court should presume the Plaintiff is willfully offering false evidence under oath to the Court. However, a September 2, 2016 report of the Office of Inspector General of the United States Postal Service documented problems with delayed mail arising out of cost cutting measures taken by the Postal Service in 2014. OIG, USPS, Mail Processing and Transportation Operational Changes: Audit Report (Sept. 2, 2016), *available* *at* https://uspsoig.gov/sites/default/files/document-library-files/2016/NO-AR-16-009.pdf). This included findings that a nationwide mailing test conducted by the Inspector General that covered a period through March 2016 had delayed service in 27% of the samples. *Id.* at 2, 15–21. The Court takes judicial notice of the Inspector General's report.

After a careful review of the evidence before the Court, the Court finds by a preponderance of the evidence that Plaintiff received the Right to Sue Letter in this matter on August 1, 2016. There is no evidence that Plaintiff delegated the retrieval of her mail to any other person, she accessed her mailbox at least twice per month, and she did not absent herself from town during this period for any unreasonable length of time. *See Strothers v. City of Laurel, Md.*, 118 F. Supp. 2d 852, 861–62 (D. Md. 2015); *Crabill v. Charlotte-Mecklenburg Bd. of Educ.*, 708 F. Supp. 2d at 554. Under these circumstances, the Court finds equitable tolling to be appropriate regarding Plaintiff's ADEA claim.[1]

## V.     Conclusion

---

[1]  The Court finds it unnecessary to address the timeliness of the Title VII claim because Plaintiff failed to exhaust her administrative remedies by submitting only an unverified Charge under Title VII.

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** the Moving Defendants Motions to Dismiss or, in the Alternative for Summary Judgment, and to Strike as to Third Amended Complaint (Dkt. No. 57), **GRANTING** it as to the Plaintiff's Title VII claims and **DENYING** it as to the remaining claims.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 5, 2018
Charleston, South Carolina